First case. Case number 11-0554, O'Neill-Berress-Taylor v. American Security Insurance. Okay, would the lawyers please approach and introduce yourself to the court? Good morning, Your Honor. Elon Sharofsky. David Maxey for the defendant. Okay, you understand as the appellant you have to reserve some time before you move on? Yes, Your Honor. Okay, let's proceed. How long is the argument, Your Honor? Pardon? How long is each side's argument? Well, you know, we don't have a clock here and stop you, but we expect you to be able to finish in 15 minutes. But we do total those 15 minutes depending on the questions that we ask. I thought I'd throw that in in this insurance case. I appreciate the comment, Your Honor. May it please the court? Before, Your Honor, is an appeal from a denial of a motion to dismiss per 2-619, pursuant to which, under the governing legal standards, not only are the facts in the complaint to be taken, well-pleaded facts to be taken as true, but also that type of motion should be granted only with easily proven facts and only where under no set of facts can plaintiff's facts be proved despite the facts presented by the defendant. Here we submit that the defendant has not met its burden. Plaintiff's home burned down. No set of facts. Sounds like a 615 as opposed to 619. I just wanted to reiterate that that is a consideration under FLORES and applicable law, Your Honor, not to be totally disregarded at the outset. Your Honor is, of course, correct. So just tell us what those facts are that you believe are still in dispute. Very good, Your Honor. The denial letter is key to this claim, this dismissal. Now, under the purported denial letter, of course, under the terms of the contract and under applicable law, including the Illinois statutes and the Kramer case, Your Honor, Your Honor, is the time between the moment the claim is submitted until, or the moment the proof of office is submitted until the moment that the claim is denied is told. That's in the provision. That's in the law. And the documentation pursuant to which the decision for dismissal was made was a letter dated March 28, 2007. That letter says words to the effect of what the final amount due to the plaintiff was. It says our policy will not respond until a certain condition precedent is met. It says our policy applies. And so we submit, Your Honor, that this is not a denial. At best, it's ambiguous for the defendant. And at worst for the defendant, under the applicable standard, it's not a denial outright. And we think that the letter speaks for itself. And at bottom, again, it's subject to proof. And at best, it's just error by the court. We also submit that... But doesn't that tolling provision come into play in the instance of a denial in whole or in part? And isn't this March 28 letter a denial at least in part? Well, certainly not from the layperson's perspective, Your Honor, and not apparently from the letter. Because in order for it to be a denial in part, we would have to show what was not recovered, what was not given under the policy. There's nothing indicating here anything that's being denied. Just because the complaint seeks alternative relief for the difference between the loss of the home and the full policy value, and in the alternative, the difference between the loss of the home and the amount that was paid by the competing insurer, does not make this a partial denial. So what triggered the loss? There must have been a point where you said or your client thought, I've been denied or I've been deprived of what I believe I'm entitled to under the policy, and a lawsuit is the only way to go. That's what happened. What triggered this? Well, Your Honor, at some point, the plaintiff started looking for legal advice after she did not hear... So you treated it as if you'd been denied in part at least, no? No, it wasn't... She didn't start looking after this letter. She started looking when she still heard nothing back, Your Honor. And so, yes, our contention is that this... So the suit was filed after passage of a reasonable period of time, but did you send a letter, we want to know whether you've actually denied our claim or not? Your Honor, we actually, as the counsel, spent a good deal of time trying to get the insurance policy, which is why you see the insurance policy submitted in the record, after the suit was filed, pretty much, rather than evidence of the policy, or specifically, the mandatory endorsement at issue. No evidence of that being given to the plaintiff in the record, Your Honor. But I would submit that the contract itself and the tolling provision that's in the law, Your Honors, doesn't really have anything to do with when the plaintiff realized that, look, no one's going to get back to me. I'm just not getting a response from the insurance companies. Because she's entitled to that right as a matter of law, which was created for her benefit, Your Honor. I would also assert that under the Illinois Administrative Code, the same is true. And that is, under Section 909 of the Code, the letter is required to state the number of days left to file. And if it doesn't, well, she's entitled to tolling on that, too. Interestingly, the... Let me throw you kind of a softball. The letter creates, doesn't it, at least a question of fact about the defendant's assertion that the limitation period began to run when it denied the claim. Wouldn't you agree to that? I would agree. In the alternative, it would create a question of fact. And in the other alternative, on the other hand, Your Honor, I agree that it's not a partial denial, and that's unambiguous. We would take both positions in the alternative, Your Honor. Okay. Well, to take a step back before we get to the absence in the letter of the amount of days left on the statute issue, if we take a step back, Hanover had already told your client that they were taking the position that they were only responsible for, what was it, 44% of the loss? So Hanover had already said, we're only going to pay 44% of the loss, and you need to go to the defendant to get 55%. And doesn't this March letter, this March 28th letter say to your client, no, we're not giving you 55%. We're only going to give you excess. So isn't that at least a denial in part of what your client was asking them for? Well, I would say two things, Your Honor. First of all, ultimately, you'll note that there was a settlement between the parties. And so the amount that was asserted in the Hanover correspondence is not necessarily the amount that Hanover was willing to pay or the resolution of that claim. To the contrary, it's alleged in the complaint, and the correspondence shows that there was still an ongoing open-endedness about that claim. And so the other thing I want to say.  I mean, before we get to this issue of what was in the letter concerning the number of days left, which is a real issue, before we get to that, we have to address the question of whether or not it's a denial in whole or in part. It's not a denial in whole, but the question is, is it a denial in part? And my question is, the status of things before the settlement, the status of things are such that your client has now been told that Hanover is only going to pay 44%. You've got to go to the defendant for the rest. The defendant has said, no, we're not going to give you the rest. So isn't that a denial, at least in part? The other thing I wanted to point out, Your Honor, is that... What, a yes or no? No, because the letter itself, you're referencing a letter, Your Honor, with all due respect, from Hanover. Now, I don't believe that a denial can constitute correspondence. No, I'm referencing both letters. I understand, Your Honor. Because your client got a letter from the defendant in which the defendant clearly stated, we're an excess policy, and we're only going to pay once Hanover pays $100,000. Hanover has said, we're not paying $100,000, and the defendant has said, we're not paying you anything until they pay $100,000. My question is, for the purposes of the insurance code, is that a denial in part? No, Your Honor, because it's impermissible to read in third-party correspondence into what the denial letter itself from the defendant is. All right, so are you telling us that we should write that in order to have a denial letter, you have to say, I hereby deny? No, Your Honor. I'm simply asserting that the denial letter should be based on the letter itself, not based on correspondence with a third-party insurance about another claim. It almost sounds like the insurance was opening up the possibility of negotiations. We started, we're not going to pay anything until the other insurance company pays $100,000, but that figure can be negotiated down. So it doesn't sound like a denial to me. Your Honor, it was the lawyers that asserted in the complaint, not Ms. Burris herself. She doesn't know any better. She receives this, that asserts in the complaint that, look, we're alleging in the alternative to the $27,000, we're alleging the difference between the amount had overpaid and the total loss. It was the lawyer's theory trying to advocate on her behalf. When an insured gets a letter like this, Your Honor, does this really look like a denial? No. The consumer thinks, borrower thinks, hey, look, I'm going to get $23,709. And she didn't get it, and then she wrote the insurance company. And then 11 months later, guess what? American Security reiterated the same thing. It said, look, we're not going to respond until. And so if you're a layperson, Your Honor, you're not going to be doing all this math. You're going to be thinking, look, I'm entitled to this money. The insurance company said they were going to pay it to me. So basically you're saying they're saying they're going to toll their obligation to do something with the claim until the other insurance company resolves what they're going to pay. And that, too, goes to, Your Honor, to a Stop-Loan Waiver, of course, because it lulls the insured into thinking, hey, I'm going to get paid. A Stop-Loan Waiver seems a little bit, you know, why not just, once tolling occurs, isn't there an affirmative obligation on the part of the insurance company to give clear notice that tolling has ceased? I would contend that that's the case, Your Honor, and it's also, of course, an affirmative obligation to, even more particularly, identify the number of days required until the suit is filed. And so irrespective of what happened with the third-party insurance, I think the code and the Supreme Court law is very clear about what the insurance company is required to do. And that's for a reason, Your Honor, because attorneys like me are not the ones who are the subject of these claims all the time. And so we would contend that the denial is a very serious matter and with all due respect to the trial court, the letter should have been considered in that light. Here's another softball for you. Taking your last argument that it's not clear to a lay person that the March 28th letter is a denial based on its language, would you join that argument with the fact that missing from that letter is the language required by the code concerning, by the way, you have X number of days left to get going on this thing? Yes, Your Honor, because there is no reference to that. Of course, they're obligated to do that and that's evidence that it is not a denial letter indeed. That's why I said it was a softball. Yes. And I wanted to point out this, Your Honor, too, that the insurance policy does contain that one year provision for tolling, which is consistent with the code. And so you would think that they would also be consistent with the code if they were issuing a denial letter by indicating  But I would also contend that it's not even clear to me as an attorney, Your Honor, that this is a denial. There's no mention of the amounts due or promised to be paid by Hanover, as you alluded to earlier, Your Honor. It just simply does math and says look, you're owed this much money. Just so I'm clear, Hanover paid what? Hanover paid a sum, I believe it was 40-some or 50-some thousand dollars and the amount that was paid actually was then retained by homecomings and that was subject to claims against homecomings and other defendant and those claims have been resolved as well, Your Honor. I don't know that that was the end of the dispute against Hanover, obviously, or that that was the end of the claims process and obviously that culminated in claims lodged against Hanover as well. The defendant really hasn't argued or explained why this letter must be deemed a partial denial or why the court was correct. The brief just constantly reiterates it was a denial and of course it was denial, but nothing in the plain language  to me that it is. We have a bunch of case law that requires the insurance company to follow these laws, the Illinois Administrative Code, the Supreme Court law for a reason, Your Honor. Plaintiff's home burnt down. She would simply like to be able to try to recover something pursuant to the policy. I understand that the one-year limitation applies. The trial courts sought to apply. The trial court's decision was based on the premise that it was a denial. What did American Security pay? What has it paid? I don't believe that it has paid anything. So even according to its own letter that we're only going to pay you this amount of money, they didn't satisfy that, did they? No, but they said they're not going to pay until other insurance has been paid, a conditioned precedent like in Mitchell. To the extent that there's a denial in part, the denial in part refers to a portion of the claim in excess of what the insurance company said it would pay. And to the extent that there's a denial in part, you would think that they would satisfy that part that they agreed upon and it's a denial only as to the amount that exceeded the amount that they agreed to pay. Well, they paid nothing. But, Your Honor, in their view, there is no denial in part because they're not required to pay less than, more than the excess. This is a situation where yes, in today's world we have lots of forced place insurance policies that are often concurrently placed with private insurers policies. And that's why I think those arguments about unconscionability are not to be taken lightly. You have a provision that says you have to file in a year, but depending on the other insurance company, work out its claims as it sees fit. I also want to revisit really quickly. We'd like to hear from the other side. You'll have to. Why don't you reserve some time. I'll reserve. Thank you, Counselor. This is a case of an insurer that did not follow a condition in the policy. It's very clear. I got a foreshadowing of what some of the issues are from the court, no doubt, but here we have a firm condition that if your claim is denied in whole or in part, you have to file within a year. So quote us the language from the, I assume you have it available to you there or readily available to you. Quote us that language of the letter, February 22, 2007 that says your claim is denied in part. Well, the letter does not use the word denied in part. Well, I understand that. We all agree that in this case it would be here if it did. But you tell us what portion of that letter says the equivalent of denied in part. Plaintiff was demanding $120,000. We know what the plaintiff was demanding. The question is where does that, where in that letter does it say that? It basically says I'm asking for an exact quote that you believe satisfies the insurance policies requiring triggering event denial in part. I would say that I cannot give you And yet you want the lay person to understand your letter that you can't quote us from to tell us when where in that letter the denial in part occurs or basically states it. But you expect a lay person to understand that the letter denied in part? Well, when you demand $125,000 and they come back and tell you that we're not going to pay $125,000, the most we're going to ever pay is $24,000 That wherever part, that's the operative word, wherever part, because that sounds like we're still investigating or we're still waiting for and once they act, we will act and then we'll settle everything. That sounds like tolling to me. Well, we would only pay if the we would only pay this remaining balance of, I believe it said the final, was $23,000 after Hanna were paid it's $100,000 and so it was very clear when the plaintiff would have received this letter, plus we said that this is to be without prejudice to the parties and it's not meant nor should be considered as a waiver to your rights or ours. So at this point, we're not waiving any limitation provision, we were putting it straight up. You've asked for $125,000 you're not going to get $125,000 at the most it's going to be $23,000 and that's after the other insurer pays its full amount. We can assume that your client is fully familiar with its requirements under the insurance code and my question would be then, if your client intended this to be a denial in part why didn't they go ahead and say oh by the way, you have X number of days left to file a claim as provided in the insurance code? I don't have the answer to that question I'm not sure why that was not done I didn't even know that was part of it until the brief here on appeal I don't know if that particular administrative regulation has the force of law I am not sure that that does I looked at that Lumberman case that the plaintiff cited from the 5th District, I saw that it was petitioned for leave to appeal the Supreme Court granted that petition toiling in the midnight hour I'm going to certainly provide you with additional authority that the Supreme Court does not provide that those are independently enforceable the Vine case I believe, and I don't accept that authority now or I could file it after court, but other than that I don't believe that that in and of itself is enforceable by the plaintiff and I believe that that's something that if they did make a violation of that particular regulation, then it's something the insurance department has to consider and it's not something that she can rely on here in this particular case Well if it doesn't have the force of law then why is it in the Illinois Administrative Code which is  consumers requiring insurance companies to provide the date of the running of the statute of limitations? Why would you say it has no force of law? I just believe that it's a regulation that is enforceable by the insurance administrator It's a Illinois Administrative Code as opposed to the insurance code Well I know but it doesn't say that it shall be enforced by the administrator Maybe it's notice to the insurance company. If an insurance company wants to claim that a letter is a denial in part letter in order to give that full force in effect you need to include the number of days left before a complaint need be filed or forever barred So maybe it's notice to the insurance company but it certainly seems that we should be able to take that into account in terms of whether or not this is truly a denial in part letter Well from the perspective if you're asking for $125,000 from your carrier and they say that Let me ask you this Weren't they always asking for $125,000 from the carrier? From the get go? Yes that was their claim If that's the case That's certainly Why should that rejection of that portion because then it would absolve the other insurance company entirely Wouldn't it? In terms of what was available from the forced insurance company From the Hanover insurance company Or you know from our insurance company said Hanover was to pay their $100,000. This letter makes it very clear You're going to go to your carrier first with $100,000 and only after you've collected that $100,000 will you be able to come back to us and collect this amount at the most This letter then says we're not waiving our rights here So clearly then we maintain our What about your letter to the department stating that your insurance company does not respond until the coverage limit is exhausted And to the extent that that department regulation is solely a concern for whatever you indicated The Department of Regulations, the administrator Right It would seem to me that you would have said in that letter to the department We denied her claim based on our prior letter and you know that's where we stand But you didn't say that. You said we don't respond. We will not respond until the other insurance company until the coverage from the other insurance company is exhausted It suggests that things are still in flux That things aren't quite as settled at least in part as you are indicating here And I would say to that, your honor that when the plaintiff received this March 28, 2007 letter it clearly informed her that she was not going to get the money from the full amount of the policy from American Security This puts her on notice that wait a minute, there's a dispute going on here that triggered the running of that limitations period She then goes to the Illinois Department of Insurance It triggered the running of the limitations period without you telling her that My question is My question is well an additional question is you claimed in the briefs that the plaintiff shouldn't be able to rely on 91980  claim it, they didn't raise it below and they waived or forfeited that argument But didn't they claim in their briefs below in front of the trial judge that they were not informed of how many days they had left? That was in the motion I think They may have said that Well then why would we say that that argument is waived? Because they didn't cite to the provision order that case law So you can say that you can say what the problem is but you have to cite to the provision in order for it not to be waived It sounds like the pot calling the kettle black because here you are saying that we don't have to actually say a denial in part in our letter, but we want it to be understood as a denial in part and yet on the plaintiff's side they say hey you didn't tell us how many days were left before we had to file our complaint and you're saying tough luck Well what we're saying is that it was denied in March of 2007 If you even would have said that you have an additional 6 months because it took between October of 2006 until March of 2007 so that was a 6 month window You tack that on to March of 2007 it takes you to October or so of 2007 She still doesn't file She doesn't file through 2008 and she doesn't file until September of 2009 At some point There's reasonableness here, there's diligence She was aware as early as March of 2007 It's very hard to cry lack of diligence when you don't file the administrative code and you're an insurance company that does this stuff every day She didn't file, she didn't file, she didn't file All that time she didn't file you also didn't tell her she had to file and the code says you're supposed to tell her that So it really is It is It's the pot calling the kettle black She didn't do this, she didn't do this Don't look behind a curtain about the fact that we didn't do this I would still say that in and of itself is not an enforceable provision in a civil suit She's basically hanging her hat on that one provision and saying therefore we violated that and we didn't give notice and we are in breach that we are the ones that did not But she's not doing it in isolation She's because had your letter said denied in part without reference to the number of days left it could reasonably be understood that this is a denial in part letter and regardless of the number of days left you better file suit timely but you didn't do that either and so she's relying on that regulation to reinforce her position that this is not a denial in part letter in the absence of a layman's understanding of this letter being a denial in part letter But it seems by her actions that she is considering it as denial because she's going back to Hanover to get information She goes to the Illinois Department of Insurance regulation She's going everywhere but doing what the condition of the policy required was Except I think what you were talking about diligence at some point she simply says a reasonable time has passed I'm not getting anywhere I'm filing suit I thought that was the point you were making that at some point that has to happen Yes at some point Alright If you're going to give us some additional authority please do it in a timely manner I'll get it out within the next day or so Thank you so much Rebuttal Thank you your honors I just want a point of clarification the argument you've heard today your honors about the Illinois Administrative Code being unenforceable I don't believe that that was made in the briefing so we haven't had an opportunity to respond to it if your honors desire we'd be happy to respond to anything that they file if your honors do want to consider it Well if they're going to supply us with additional authority you'll see it and you'll have an opportunity to supply any additional authority that causes it's caused by that I assume Thank you your honors I have a procedural question if and this is of course a big if we were to rule that no denial of part can reasonably be said to have occurred is there any reason for us to address whether the consumer fraud claim is preempted by the insurance code I mean don't we just send it back and let things get resolved in light of our ruling I believe so your honors I mean that was a 2619 motion and the one the preemption I thought was raises the question of law whether or not the insurance code preempts the consumer fraud claim Yes it does your honors So we don't have to reach that if we take your view that it wasn't a denial of part letter I believe that's the case in so far as all the causes of action are sent back Including the decadence Yes and then the court can revisit those claims So why haven't you forfeited this this 91980 claim Well two things because for failing to raise it below First of all under Greer the issues need only be commensurate and we with the issue raised on appeal the issues on trial court we've actually pleaded facts in the complaint and in the motion dismissed response we've cited specifically to that to show that very clearly we've made those arguments not only that but the Lechtenberg case was precisely on point making the same point about being commensurate issues on appeal only and that was specifically with regard to statute of limitations and very instructive not only that but there's also supreme court rule 366 A5 which we cited in our reply which of course gives your honors discretion as well and for all those reasons we contend that it has been addressed below and even if it's not your honors are free to deal with it it's an over review as well. One point of clarification as well your honors I'm not sure that I recall there being anything on the record about how much was demanded by the plaintiff we know that the plaintiff made a claim we know that the plaintiff got this letter. Also opposing counsel mentioned that the letter said we would only pay quote unquote emphasis on only I don't believe that that is in the letter either. They also referenced opposing counsel also referenced the waiver provision of course that doesn't trumpet the law and as we've argued that was a generally referenced provision that doesn't provide any kind of notice about what waiver is at issue let alone the statute of limitations issue which is key here. I want to emphasize one more thing your honors that there's no evidence in the record as their burden to show that the policy mandatory endorsement with the one year provision was a limitation on an action. Counsel this is rebuttal on his arguments let's not get into other things. I'm sorry your honors. Rebuttal is limited. I'd be happy to entertain any additional questions. Okay thank you very much. It was a very interesting case we'll take this case under advisement. Thank you your honors.